### McELEARNEY v. CLOVER FARMS, Inc.

(Supreme Court, Appellate Term, First Department. December 4, 1914.)

1. APPEAL AND ERROR (§ 997*)—DISMISSAL OF COMPLAINT—REVIEW.
    On appeal from a judgment dismissing the complaint, plaintiff is entitled to the most favorable inferences which may reasonably be drawn from the evidence.
    [Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4023, 4024; Dec. Dig. § 997.*]

2. MASTER AND SERVANT (§§ 285, 286*)—INJURIES TO SERVANT—CAUSE OF INJURY—QUESTION FOR JURY.
    In an action for injuries to a servant, alleged to have been sustained by defendant's negligence in failing to warn him of danger in unfastening bolts joining two sections of pipe leading from an ammonia tank,

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

evidence *held* to require submission to the jury of the questions of defendant's alleged negligence and whether plaintiff was injured as charged.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 1001–1003, 1006–1008, 1010–1033, 1035–1044, 1046–1050, 1053; Dec. Dig. §§ 285, 286.*]

Appeal from Municipal Court, Borough of Manhattan, Sixth District.

Action by Eugene McElearney against the Clover Farms, Incorporated. From a judgment dismissing the complaint, plaintiff appeals. Judgment reversed, and new trial ordered.

Argued October term, 1914, before SEABURY, BIJUR, and COHALAN, JJ.

James Rosthal, of New York City, for appellant.
Michel Kirtland, of New York City, for respondent.

SEABURY, J. This action was brought under the Employers' Liability Act to recover damages for personal injuries caused by the alleged negligence of the defendant.

[1] At the close of the case the court below refused to submit the case to the jury and dismissed the complaint. Under these circumstances the plaintiff upon this appeal is entitled to the most favorable inferences which may reasonably be drawn from the evidence.

[2] There was a sharp conflict in the evidence. The plaintiff testified that he was instructed by defendant's foreman to unfasten the bolts which held a flange or cap in place, where it served the purpose of joining two sections of pipe, each of which was connected with an ammonia tank. The ammonia tanks were parts of an ice machine used for refrigerating purposes. The plaintiff claimed that, when he removed the bolts holding the flange or cap, the ammonia escaped from the tank and burned his hands. The defendant's witnesses denied that the accident occurred, and testified that on the day of the alleged accident the plaintiff had said that he had been assaulted by a person who had stolen his watch.

The jury should have been permitted to have determined the cause of the plaintiff's injury, unless it can be held that, assuming the testimony of the plaintiff to be true, he failed to establish a prima facie case. The evidence offered by the plaintiff tended to show that he had worked for the defendant a short time, that he was inexperienced and ignorant as to the proper use of ammonia gas, and that he was directed by the foreman in charge of the work to do the act which, according to the plaintiff's testimony, resulted in the accident. Whether the defendant's foreman gave such directions, and whether, if he did, he was negligent in so doing, should have been submitted to the jury for determination.

Judgment reversed, and new trial ordered, with costs to the appellant to abide the event. All concur.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes